UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KARA ELIZABETH BLACK, on behalf of herself and
others similarly situated in the proposed FLSA                    22-cv-1447(VEC)
Collective Action,

                                                 Plaintiff,

v.

CAKOR RESTAURANT, INC. BRIDGE CAFÉ, INC.,
ISMET SUJAK, and SULTANIA SUJAK,

------------------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF AND TO AMEND THE COMPLAINT**


                                        **TRIVELLA & FORTE, LLP**
                                        1311 Mamaroneck Avenue, Ste. 170
                                        White Plains, New York 10605
                                        (914) 949-9075/ (914) 949-4752 (facsimile)
                                        Christopher Smith
                                        111csmith111@gmail.com
                                        *Attorneys for Defendants*
                                        *Cakor Restaurant, Inc., Ismet Sujak,*
                                        *and Sultania Sujak*

i

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................................. **i**
**TABLE OF AUTHORITIES** ......................................................................................................... **ii**
**PRELIMINARY STATEMENT** ..................................................................................................... **1**
**FACTS** ............................................................................................................................................. **2**
**LEGAL ARGUMENT** ..................................................................................................................... **2**
    A.    Plaintiff Fails to Satisfy the Requirements for Preliminary Injunctive Relief ................. 2
    B.    The Court Should Deny Plaintiff's Motion to Amended the Complaint ......................... 5
**CONCLUSION** ............................................................................................................................... **6**

# **TABLE OF AUTHORITIES**

**Cases**
*Barnet v. Horwitz*, 278 App. Div. 700 ...................................................................................... vi
*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64, 126 S. Ct. 2405, 2412, 165 L. Ed. 2d 345 (2006) ............................................................................................................................ viii
*Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018).................. iv
*Cohen v. Pannia*, 7 A D 2d 886 ................................................................................................. vi
*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 500 ................................. vi
*Di Sabato v. Soffes*, 9 A.D.2d 297, 301, 193 N.Y.S.2d 184 (1959) ............................................. vi
*Fedway Assocs., Inc. v. Wine, Liquor & Distillery Workers Union Loc. 1-D, UFCW*, No. 21-CV-8536 (VEC), 2021 WL 7710199, at *1 (S.D.N.Y. Nov. 3, 2021, Caproni, J.) .......................... iv
*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104, 101 S. Ct. 2193, 2202, 68 L. Ed. 2d 693 (1981) ........ v
*Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53–54 (2d Cir. 1999) ................................................ viii
*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174, 110 S. Ct. 482, 488, 107 L. Ed. 2d 480 (1989) ...................................................................................................................................... vii
*Israelson v Rubin,* 20 AD2d 668, affd 14 NY2d 887 .................................................................. vi
*Karl Kurten et al. v. R. D. Werner Co., Inc.*, 139 A.D.2d 699, 527 N.Y.S.2d 455 (2d Dept 1988) ................................................................................................................................................... vi
*Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs., Inc.,* No. 10 Civ. 5715 (S.D.N.Y. Aug. 9, 2012) ................................................................................................. v
*M & Z Trading Corp. v. Hecny Group,* 41 Fed.Appx. 141, 143 (9th Cir.2002)............................. v
*Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) .......................................................................... iv
*Rand v. Birbrower, Montalbano, Condon & Frank, P.C.*, 149 F. Supp. 2d 96, 98 (S.D.N.Y. 2001), *aff'd,* 31 F. App'x 748 (2d Cir. 2002) ........................................................................... vi
*Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016) ......................................... v
*Zuckerman v. City of New York*, 49 N.Y.2d 557, 563, 404 N.E.2d 718 (1980) ............................ vi

**Rules**
Fed. R. Civ. Pro. 8 ..................................................................................................................... iv
Fed. R. Evid. 901 ....................................................................................................................... v

**PRELIMINARY STATEMENT**

The Defendants Cakor Restaurant, Inc., Ismet Sujak, and Sultania Sujak (hereinafter collectively "Defendants") submit this Memorandum of Law in Opposition to the Plaintiff's motion (ECF No. 18) for injunctive relief and leave to amend the Complaint (ECF No. 1). For the reasons stated herein the Defendants respectfully submit the Court should deny Plaintiff's motion.

Plaintiff's motion contains conclusory hyperbole and misrepresentations as to the conduct of the Defendants which do not support the drastic relief of preliminary injunction. The text message attached at Exhibit A (ECF No. 21-1) to Plaintiff's affidavit (ECF No. 21), which appears to be the same text attached at Exhibit A (ECF No. 22-1) to Plaintiff's husband Ard Puka's affidavit (ECF No. 22) is not translated into English or certified and therefore not admissible or capable of review by the Defendants or the Court, the text message is not clear what it states or who it is from, it does not reference the Plaintiff by name, the Plaintiff does not claim the text message was sent to her, and the picture in the text is indefinite. Preliminary injunctive relief is a drastic remedy which is not supported by the Plaintiff's proffer of facts. Plaintiff fails to establish the purported text message and alleged communications by Defendants are retaliatory. The requested injunctive relief, if issued, would constitute an impermissible restraint on Defendants' First Amendment rights. The injunctive relief is not appropriate as Plaintiff fails to establish irreparable harm, public policy dictates against granting the extraordinary injunctive relief the Plaintiff is requesting, Plaintiff is not likely to succeed on establishing facts to support the relief, and the balance of equities favors allowing the Defendants their right to communicate with others without interference from the Court.

The Court should deny leave to amend the Complaint where, as here, the proposed amendment does not provide notice to the Defendants of the conduct purporting to support a cause of action for retaliation and is otherwise not supported by the Plaintiff's proffer of facts. While courts grant leave to amend pleadings liberally, the party seeking to amend a pleading must make a basic showing the amendment is supported by fact and the amended pleading satisfies the pleading requirements of Fed. R. Civ. Pro. 8 by providing notice to the Defendants of the conduct supporting the causes of action in the amended pleading. Plaintiff's proposed Amended Complaint fails to satisfy the requirements of Fed. R. Civ. Pro. 8. Therefore the Court should deny leave to amend the Complaint.

## FACTS

For the purposes of this motion the disputed facts are as set forth in the Complaint and proposed Amended Complaint which, for brevity's sake, are not repeated.

## LEGAL ARGUMENT

### A.   *Plaintiff Fails to Satisfy the Requirements for Preliminary Injunctive Relief*

This Court previously opined:

> A preliminary injunction is an "extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that the party is likely to suffer irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the party's favor; and (4) that an injunction is in the public interest. *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018).

*Fedway Assocs., Inc. v. Wine, Liquor & Distillery Workers Union Loc. 1-D, UFCW*, No. 21-CV-8536 (VEC), 2021 WL 7710199, at *1 (S.D.N.Y. Nov. 3, 2021, Caproni, J.).

The Plaintiff fails to establish with admissible evidence improper conduct by the Defendants warranting preliminary injunctive or any other relief.  The Court should not consider the text in Exhibit A in the Plaintiff's Affidavit and Puka Affidavit since:

> foreign-language documents—…—cannot be reviewed or relied on by the Court, even if otherwise properly authenticated in the declaration to which they are attached, unless they are accompanied by certified translations into English.[9] … *See* Order at 2, *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs., Inc.,* No. 10 Civ. 5715 (S.D.N.Y. Aug. 9, 2012) (denying cross-motions for summary judgment where the parties provided only uncertified translations of a Polish-language contract that was the subject of the dispute, without prejudice to renewal upon submission of certified translations); *U.S. v. One 1988 Chevrolet Half–Ton Pickup Truck,* 357 F.Supp.2d 1321, 1329 (S.D.Ala.2005) (declining to consider "undated, unsigned, and unverified" Spanish-language medical document offered in a summary judgment dispute, which was not accompanied by a certified translation and was therefore "undecipherable to those not literate in Spanish"); *accord M & Z Trading Corp. v. Hecny Group,* 41 Fed.Appx. 141, 143 (9th Cir.2002) (finding no abuse of discretion in District Court's exclusion of translated exhibits—rather than untranslated original documents—because "[w]ithout providing any affidavits or testimony regarding the competency of the translators for the translations it submitted, [plaintiff] failed to satisfy the accuracy and reliability requirements of [Fed. R. Evid.] 901").

*Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016) (ellipsis added)(brackets in original).

The Plaintiff's motion, if granted, would result in an unconstitutional prior restraint on the Defendants' First Amendment rights. The United States Supreme Court, in striking down a District Court injunction in an employment discrimination suit, which prohibited parties and their counsel from communicating with potential class members without prior court approval, opined:  "The mere possibility of abuses does not justify routine adoption of a communications ban."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104, 101 S. Ct. 2193, 2202, 68 L. Ed. 2d 693 (1981). Plaintiff's requested order restraining Defendants from "harassing, intimidating, and/or

3

retaliating against Plaintiff, in any form"[1] is notice vague, overbroad, not accompanied by procedural safeguards, and Plaintiffs make no "particularized showing of need to justify such a restraint."[2] Plaintiff's moving papers do not contain a specific record of particular abuses justifying injunctive relief. The Court should disregard Plaintiff's counsel's allegations of fact regarding, *inter alia*, "abusive tactics"[3] and "targeting Plaintiff"[4] in the Plaintiff's Memorandum. Those statements are not made on personal knowledge.[5]

Injunctive relief is not appropriate since any injunction could interfere with communications unrelated to the current action and concerning the ongoing business relationship between Defendants. Public policy is served by denying injunctive relief. Denying the motion preserves Defendants' legitimate First Amendment right of communication and avoids an illegal prior restraint on that communication.

---

[1] Plaintiff's Memorandum of Law in Support of a Preliminary Injunction and Motion for Leave to File an Amended Complaint, p. 1. ECF No. 19. Hereinafter "Plaintiff's Memorandum, p. {page number}."

[2] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 98, 101 S. Ct. 2193, 2199, 68 L. Ed. 2d 693 (1981).

[3] Plaintiff's Memorandum, p. 2.

[4] Plaintiff's Memorandum, p. 2.

[5] "the bare affirmation of Royfost's attorney who demonstrated no personal knowledge of the manner in which the accident occurred. Such an affirmation by counsel is without evidentiary value and thus unavailing *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 500; *Israelson v Rubin,* 20 AD2d 668, affd 14 NY2d 887; *Lamberta v Long Is. R. R.,* 51 AD2d 730)." *Zuckerman v. City of New York*, 49 N.Y.2d 557, 563, 404 N.E.2d 718 (1980); *See also Rand v. Birbrower, Montalbano, Condon & Frank, P.C.*, 149 F. Supp. 2d 96, 98 (S.D.N.Y. 2001), *aff'd,* 31 F. App'x 748 (2d Cir. 2002) (finding attorney affidavit without personal knowledge opposing summary judgment of no probative value); *Di Sabato v. Soffes*, 9 A.D.2d 297, 301, 193 N.Y.S.2d 184 (1959) (An affidavit opposing summary judgment by an attorney without personal knowledge of the facts has no probative value and should be disregarded (*Barnet v. Horwitz*, 278 App. Div. 700; *Cohen v. Pannia*, 7 A D 2d 886)). Plaintiff's counsel's affirmation does not constitute admissible evidence. *See e.g. Karl Kurten et al. v. R. D. Werner Co., Inc.*, 139 A.D.2d 699, 527 N.Y.S.2d 455 (2d Dept 1988) (summary judgment granted finding attorney affirmation non-probative and did not raise a triable issue of fact).

Injunctive relief is not appropriate as Plaintiffs fail to establish a likelihood that the alleged future communications by Defendants are coercive to the Plaintiff or putative Plaintiffs. The Public policy of judicial neutrality regarding allegations of wage violations also justifies the Court denying Plaintiff's motion.   The United States Supreme Court has opined in the class action context:

> trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174, 110 S. Ct. 482, 488, 107 L. Ed. 2d 480 (1989). Court issuance of injunctive relief in the instant action could be interpreted by putative plaintiffs as judicial endorsement of the allegations in the Complaint and a lack of judicial neutrality.  Public policy is furthered by the denial of Plaintiff's motion, thereby maintaining judicial neutrality over the lawsuit. The Court should ignore Plaintiff's counsel's misrepresentations regarding what discovery is outstanding, what prior Court orders were allegedly violated (Defendants deny this allegation), what documents exist, and otherwise arguing the merits of the action.[6] These arguments, besides being factually incorrect, are irrelevant to the Plaintiff's pending motion.

**B.**     *The Court Should Deny Plaintiff's Motion to Amended the Complaint*

The Court should deny Plaintiff's request for leave to amend the Complaint since the Plaintiff fails to plead facts sufficient to support an action supporting a retaliation cause of action. "Although the decision to grant leave to amend is within the discretion of the court, refusal to grant leave must be based on a valid ground. However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive

---

[6] Plaintiff's Memorandum, pp. 5-6.

dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53–54 (2d Cir. 1999)(cleaned up). Viewing the facts in a light most favorable to the Plaintiff, the amendment Plaintiff seeks, to add a retaliation cause of action, does not adequately plead a cause of action since it does not plead facts sufficient to demonstrate interference with "[m]aintaining unfettered access to statutory remedial mechanisms." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64, 126 S. Ct. 2405, 2412, 165 L. Ed. 2d 345 (2006). There is no indication any of the Defendants' activities have dissuaded the Plaintiff from maintaining the instant action or otherwise seeking a remedy for the allegations in the Complaint. None of the facts in the proposed amended complaint support a finding that Plaintiff's remedial mechanisms for her wage causes of action have been thwarted.

## CONCLUSION

For the foregoing reasons the Defendants respectfully request the Court deny Plaintiff's motion *in toto*, together with awarding the Defendants their attorneys' fees in opposing the motion and such other relief the Court deems proper.

Dated: August 2, 2022
      White Plains, New York

                        Yours, etc.,

                        TRIVELLA & FORTE, LLP

                        */s/Christopher Smith*
                        *Attorneys for Defendants*
                        *Cakor Restaurant, Inc., Ismet Sujak,*
                        *and Sultania Sujak*
                        1311 Mamaroneck Avenue, Suite 170
                        White Plains, New York 10605
                        (914) 949-9075

To:    LEVIN EPSTEIN & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
*Attorneys for Plaintiff*
(via ECF)