UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Kara Elizabeth Black, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*,

Index No.: 1:22-cv-01447

          *Plaintiff*,

Hon. District Judge
Valerie E. Caproni

    -*against*-

Cakor Restaurant, Inc., Bridge Cafe Inc., Ismet Sujak, and Sultania Sujak,

          *Defendants*.
-----------------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
A PRELIMINARY INJUNCTION AND
<u>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
*Attorneys for Plaintiff*

Dated: New York, New York
        August 10, 2022

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ............................................................................................................................. 3

    I.    Plaintiff has Satisfied Their Evidentiary Burden for the Entry of a Preliminary Injunction Because Essential Facts are not in Dispute ......................................................................... 3

        A.  The June 14, 2022 Text Message from Defendant Ismet Sujak is not a "Foreign Language Document" ........................................................................................................................ 4

        B.  District Courts in this Circuit Have Granted Preliminary Injunctions Under Far Less Drastic Circumstances to Protect Employees from Threatened Retaliation ....................... 5

    II.   Plaintiff is Entitled to a Preliminary Injunction .................................................................. 6

        A.  Defendants' Inexplicable Failure to Address the Elements of a Preliminary Injunction Results in Waiver and Abandonment ................................................................................. 6

            i.   Plaintiff Has Demonstrated a Likelihood of Success on the Merits ....................... 6

            ii.  Plaintiff Has Demonstrated Irreparable Harm ........................................................ 7

            iii. Sufficiently Serious Questions and Balance of Hardships Have Been Satisfied.... 7

        B.  Public Interest Supports Injunctive Relief ........................................................................ 8

   III.  Plaintiff Should be Granted Leave to Amend .................................................................... 8

**CONCLUSION** .......................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*3M Co. v. CovCare, Inc.*,
    2021 WL 1784314 (E.D.N.Y. 2021) ............................................................................... 3, 8

*Alvarado v. GC Dealer Servs. Inc.*,
    511 F. Supp. 3d 321 (E.D.N.Y. 2021) ................................................................................... 2

*Anti–Monopoly, Inc. v. Hasbro, Inc.*,
    958 F. Supp. 895 (S.D.N.Y. 1997) ........................................................................................ 6

*Arevalo Fajardo et al v. WB Maintenance & Design Group Inc. et al*,
    Case No.: 1:21-cv-05236-PKC-SJB (E.D.N.Y. 2022) ...................................................... 2, 7

*Bonilla v. Smithfield Assocs. LLC*,
    2009 WL 4457304 (S.D.N.Y. 2009) ...................................................................................... 6

*Centeno-Bernuy v. Perry,*
    *3*02 F. Supp. 2d 128 (W.D.N.Y. 2003) ....................................................................... 3, 5, 7

*Contreras v. Corinthian Vigor Ins. Brokerage, Inc.,*
    103 F.Supp.2d 1180 (N.D.Cal. 2000) .................................................................................... 7

*Liu v. Elegance Rest. Furniture Corp.*
    2017 WL 4339476 (E.D.N.Y. 2017) ................................................................................. 2, 7

*Mitsubishi Motors N. Am. Inc. v. Grand Auto., Inc.*,
    2018 WL 2012875 (E.D.N.Y. 2018) ................................................................................. 2, 5

*Rodriguez v. Nat'l Golf Links of Am.*,
    2020 WL 3051559 (E.D.N.Y. 2020) ................................................................................. 3, 8

*Thomas v. Atl. Express Corp.*,
    2009 WL 856993 (S.D.N.Y. 2009) ........................................................................................ 6

*Youmans v. Schiro*,
    2013 WL 6284422 (S.D.N.Y. 2013) ...................................................................................... 6

**Statutes**

Fed.R.Civ.P. 15(a)(2) ....................................................................................................................... 3

Plaintiff Kara Elizabeth Black (the "Plaintiff"), by and through the undersigned counsel, respectfully submits this Reply Memorandum of Law, in further support of Plaintiff's emergency motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 65, enjoining and restraining Defendants Cakor Restaurant, Inc., Bridge Cafe Inc., Ismet Sujak, and Sultania Sujak (collectively, the "Defendants") from, *inter alia*, harassing, intimidating, and/or retaliating against Plaintiff, in any form, and in support of Plaintiff's motion for leave to file a first amended complaint, pursuant to Fed.R.Civ.P. 15(a)(2), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Defendants' opposition filed on August 3, 2022 [Dckt. Nos. 35-37] ("Defendants' Opp.", or the "*Opp.*") fails to comprehend the gravity of the situation that necessitates emergency relief from this Court for the issuance of an injunction to protect Plaintiff, and Plaintiff's husband, from the real threat of reporting Plaintiff's family to the United States Immigration and Naturalization Service ("INS"). Defendants' Opp. does not deny the factual predicate of the application for an injunction in that on June 14, 2022, Defendant Ismet Sujak threatened to report Plaintiff's husband to the INS. [Dckt. No. 21 ("Black Aff.") at ¶ 15]; [Dckt. No. 22 ("Puka Aff.") at ¶ 3]. Nor do Defendants deny that after the May 11, 2022 mediation, Defendants have been harassing Plaintiff, directly and through third-parties, in retaliation for having filed this lawsuit, by incessantly calling her. [Black Aff. at ¶ 11]. Because Defendants' conduct is undeniable, and indefensible, Defendants' Opp. disingenuously argues that a legal technicality prevents the Court from considering Defendant Ismet Sujak's threatening text message[1] to Plaintiff's husband, Ard Puka, sent on June 14, 2022 at approximately 2:58 p.m., because it is a "foreign language document,"

---

[1] "Are you this person [in the screenshot]…I have taken out a video and have reported you to immigration, [Plaintiff] may have married you for money." [Black Aff. at ¶ 16]; [Puka Aff. at ¶ 4].

1

that must be accompanied by a certified translation. [Defendants' Opp. at p. 6]. This ignores the reality of the situation. The original text message is written in English, with Slavic or Yugoslavian pronunciation. [Black Aff. at ¶¶ 18-20]. Plaintiff has supported their application with competent evidence, *to wit*: the Black Aff., the Puka Aff., and the documentary evidence attached thereto. *See Mitsubishi Motors N. Am. Inc. v. Grand Auto., Inc*., 2018 WL 2012875, at *1 (E.D.N.Y. 2018) (recognizing that in adjudicating a motion seeking preliminary injunctive relief, a district court may rely on affidavits, depositions and sworn testimony even when these materials do not satisfy technical rules of evidence) ("The admissibility…under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage") (citation omitted).

Plaintiff has satisfied the legal requirements for an injunction under Fed.R.Civ.P. 65(a) to restrain Defendants' threatened disclosure of Plaintiff's husband's immigration status. Courts in this District have issued injunctions in such circumstances. *See Arevalo Fajardo et al v. WB Maintenance & Design Group Inc. et al*, Case No.: 1:21-cv-05236-PKC-SJB (E.D.N.Y. 2022) Dckt. No. 57-1 at 88:15-21 (granting preliminary injunction and leave to file amended complaint for, *inter alia*, retaliation, having "credit[ed] the reports about [the individual defendant] at least calling two of the potential plaintiffs…and threatening them with reporting to immigration authorities, ***an especially potent threat in a case such as this***.") (emphasis added); *Alvarado v. GC Dealer Servs. Inc*., 511 F. Supp. 3d 321, 358 (E.D.N.Y. 2021) (the anti-retaliation provision of the NYLL "explicitly reaches threats as well as fully executed retaliatory actions"); *Suarez, et. al. v. Brasserie Felix, Inc., et al,* Case No.: 1:19-cv-07210-RWL at Dckt. Nos. 6-8, 11 (S.D.N.Y. 2019) (entering protective order barring defendant-employer from instituting retaliatory employment eligibility verification policy); *Liu v. Elegance Rest. Furniture Corp.,* 2017 WL 4339476, at *5 (E.D.N.Y. 2017) (finding that defendant-employer's text messages threatening to disclose to authorities plaintiff-employee's immigration status was an adverse employment action

2

for the purposes of FLSA retaliation); *Centeno-Bernuy v. Perry,* 302 F. Supp. 2d 128, 136 (W.D.N.Y. 2003) (migrant workers demonstrated likelihood of success on retaliation claims, necessitating entry of protective order); *see also Rodriguez v. Nat'l Golf Links of Am.*, 2020 WL 3051559, at *2 (E.D.N.Y. 2020) ("Bad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their *in terrorem* effect.") (citation omitted).

Turning to the application for leave to amend the complaint, controlling case law favors the granting of leave to amend under Fed.R.Civ.P. 15(a).[2] Plaintiff has established a *prima facie* case for their two (2) proposed additional causes of action for: (i) retaliation under the FLSA; and (ii) retaliation under the NYLL. Thus, Plaintiff's proposed claims are not futile, and are supported by detailed factual allegations. *See Rodriguez*, 2020 WL 3051559 at *2 (granting motion to amend complaint to add claims of retaliation under the FLSA and NYLL). Leave to amend should, therefore, be granted.

## ARGUMENT

### I. Plaintiff has Satisfied Their Evidentiary Burden for the Entry of a Preliminary Injunction Because Essential Facts are not in Dispute

"On a motion for preliminary injunction, ***where essential facts are in dispute***, there must be a hearing…and appropriate findings of fact must be made." *3M Co. v. CovCare, Inc.*, 2021 WL 1784314, at *7 (E.D.N.Y. 2021) (citing *In re Defend H20 v. Town Bd. of the Town of East Hampton*, 147 F. Supp. 3d. 80, 96 (E.D.N.Y. 2015)) (emphasis added). "However, it is not a rigid requirement that oral testimony be taken on a motion for a preliminary injunction." *Id.* (internal quotation and citation omitted). "Significantly, an evidentiary hearing is not required when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the

---

[2] Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2).

case…or when the disputed facts are amenable to complete resolution on a paper record." *Id.* (internal quotation and citation omitted). "There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Id.* (internal quotation and citation omitted).

Where, as here, Plaintiff has supported their application with competent evidence, *to wit*: the Black Aff., the Puka Aff., and the documentary evidence attached thereto – the evidentiary burden for the entry of a preliminary injunction has been easily satisfied. Moreover, Defendants' Opp. inexplicably fails to address the following essential facts, thereby rendering them undisputed:

1. Defendants failed to produce the documents listed[3] in the Honorable Valerie E. Caproni's March 31, 2022 Mediation Referral Order [Dckt. No. 15];

2. After the May 11, 2022 mediation, Defendants have been incessantly calling Plaintiff, directly and through third-parties, including customers from Defendants' restaurants.

3. On June 14, 2022, Defendant Ismet Sujak threatened to report Plaintiff's husband to the INS.

### A. The June 14, 2022 Text Message from Defendant Ismet Sujak is not a "Foreign Language Document"

Defendants attempt to discredit Defendant Ismet Sujak's threatening text message to Plaintiff's husband, Ard Puka, on June 14, 2022 at approximately 2:58 p.m.[4] by arguing that it is a "foreign language document" that must be certified. [Defendants' Opp. at p. 6]. This argument

---

[3] *To wit*:
  1. **Any** timekeeping records for Plaintiff;
  2. **Any** records to meaningfully evaluate Defendants' financial condition;
  3. **Any** payroll records for Plaintiff from March 1, 2018 – November 2020, or after March 26, 2021.
  4. A time of hire notice, pursuant to NYLL § 195; or
  5. Weekly wage statements, pursuant to NYLL § 198.

[4] "Are you this person [in the screenshot]…I have taken out a video and have reported you to immigration, [Plaintiff] may have married you for money." [Black Aff. at ¶ 16]; [Puka Aff. at ¶ 4].

fails for the simple reason that the original text message is written in English, with Slavic or Yugoslavian pronunciation. [Black Aff. at ¶ 18]. Plaintiff averred that she is very familiar with Defendant Ismet Sajak's unique style of texting, and has received many texts from Defendant Ismet Sujak in the same manner of phonetic speech since her employment with Defendants in March 2018. [*Id*. at ¶¶ 19-20]. Assuming *arguendo* that the June 14, 2022 text message is a "foreign language document" (which it is not), this Court may still consider it in granting the preliminary injunction, irrespective of its admissibility under the Federal Rules of Evidence. *See Mitsubishi Motors N. Am. Inc.,* 2018 WL 2012875 at *1 ("The admissibility…under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage") (citation omitted). Defendants' Opp. ignores this fact by exclusively citing to cases decided on summary judgment or trial. [Defendants' Opp. at p. 6].

### B. District Courts in this Circuit Have Granted Preliminary Injunctions Under Far Less Drastic Circumstances to Protect Employees from Threatened Retaliation

District courts in this Circuit have issued injunctions in circumstances far less ominous than in this case. *See e.g., Brasserie Felix, Inc.,* at Dckt. Nos. 6-8, 11 (entering protective order barring defendant-employer from instituting retaliatory employment eligibility verification policy); *Centeno-Bernuy,* 302 F. Supp. 2d at 136 (migrant workers demonstrated likelihood of success on retaliation claims, necessitating entry of protective order). Indeed, the Court in *Brasserie Felix, Inc.* granted the plaintiffs' letter motion[5] for a protective order, without the prerequisite of formal briefing or evidentiary hearing. Case No.: 1:19-cv-07210-RWL at Dckt. Nos. 6-8, 11.

Respectfully, the requested relief should be granted.

---

[5] As an aside, the plaintiffs' August 20, 2019 letter motion in *Brasserie Felix, Inc.* did not include an affidavit.

## II. Plaintiff is Entitled to a Preliminary Injunction

Defendants cannot seriously argue against the entry of a preliminary injunction. As set forth more fully below, Plaintiff has demonstrated each of the necessary elements, including a likelihood of success, irreparable harm, and a balancing of hardships.

### A. Defendants' Inexplicable Failure to Address the Elements of a Preliminary Injunction Results in Waiver and Abandonment

Presumably aware of the potency of revealing a plaintiff-employee's immigration status to the authorities, Defendants inexplicably fail to address Plaintiff's showing of "likelihood of success," "irreparable harm", and "balancing of hardships." The law is clear. District courts in this Circuit have found that "[a] plaintiff's failure to respond to contentions raised in a motion…constitute an abandonment of those claims." *Youmans v. Schiro*, 2013 WL 6284422, at *5 (S.D.N.Y. 2013); *Bonilla v. Smithfield Assocs. LLC*, 2009 WL 4457304, at *4 (S.D.N.Y. 2009) (Dismissing certain claims where the plaintiff failed to respond to the defendant's arguments.); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue…which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

Notwithstanding Defendants' failure to address these point, Plaintiff has demonstrated each of the necessary elements, as set forth below.

#### i. Plaintiff Has Demonstrated a Likelihood of Success on the Merits

The Black Aff. and Puka Aff. plausibly allege a causal connection between the filing of the complaint and Defendants' retaliatory actions. After the May 11, 2022 mediation, Defendants have been incessantly calling Plaintiff, directly and through third-parties, including customers from Defendants' restaurants. [Black Aff. at ¶ 11]. On June 14, 2022, Defendant Ismet Sujak threatened to report Plaintiff's husband to the INS. [*Id*. at ¶ 15]; [Puka Aff. at ¶ 3]. These are very real and immediate threats of future harm; not speculation. Moreover, the temporal proximity of

Defendants' conduct supports the demonstration of a likelihood of success. There was a ***two (2) week*** gap between the May 11, 2022 mediation, and the commencement of the retaliatory and harassing phone calls against Plaintiff, on or around May 28, 2022. [Black Aff. at ¶ 10]. More concerning, the June 14, 2022 text message was sent about one (1) month after the unsuccessful May 11, 2022 mediation. [*See* Black Aff. at ¶ 15]; [Puka Aff. at ¶ 3]. *See Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 446–47 (2d Cir. 1999) (acts within one month of receipt of deposition notices may be retaliation for initiation of lawsuit more than one year earlier).

### ii. Plaintiff Has Demonstrated Irreparable Harm

The risk of irreparable harm is very real where, as here, a defendant-employer threatens to disclose an individual's immigration status to the authorities. *See, e.g., Arevalo Fajardo et al*, Case No.: 1:21-cv-05236-PKC-SJB (E.D.N.Y. 2022) Dckt. No. 57-1 at 88:15-21 (granting preliminary injunction and leave to file amended complaint for, *inter alia*, retaliation, having "credit[ed] the reports about [the individual defendant] at least calling two of the potential plaintiffs…and threatening them with reporting to immigration authorities, ***an especially potent threat in a case such as this***.") (emphasis added); *Liu,* 2017 WL 4339476 at *5 (finding that defendant-employer's text messages threatening to disclose to authorities plaintiff-employee's immigration status was an adverse employment action for the purposes of FLSA retaliation); *Centeno-Bernuy,* 302 F. Supp. at 136 (migrant workers demonstrated likelihood of success on retaliation claims, necessitating entry of protective order); *Contreras v. Corinthian Vigor Ins. Brokerage, Inc.,* 103 F. Supp.2d 1180 (N.D.Cal. 2000) (reporting a plaintiff to the INS in retaliation for a plaintiff having complained under the FLSA constituted an adverse employment action).

### iii. Sufficiently Serious Questions and Balance of Hardships Have Been Satisfied

Defendants' Opp. disingenuously argues that an injunction could interfere with "the [parties'] ongoing business relationship[.]" [Defendants Opp. at p. 4]. This is a bizarre proposition,

considering Plaintiff has not worked for Defendants since April 2021. [Black Aff. at ¶ 12]. A preliminary injunction should be entered to preserve the status quo, *i.e.,* "the last actual, peaceable uncontested status which preceded the pending controversy." *3M Co.*, 2021 WL 1784314 at *7. Plaintiff's requested relief seeks to achieve that. Defendants have not – and cannot – articulate any legitimate, non-retaliatory basis for contacting Plaintiff or her husband during the litigation.

### B. Public Interest Supports Injunctive Relief

As set forth in Plaintiff's emergency motion, there are entirely private interests at stake, and the Court should find that the public interest is not harmed by a grant of preliminary injunctive relief.

### III.   Plaintiff Should be Granted Leave to Amend

Plaintiff should be granted leave to file the proposed first amended complaint, notwithstanding the Court's ruling on the preliminary injunction because the additional causes of action for: (i) retaliation under the FLSA; and (ii) retaliation under the NYLL, are not futile. *See Rodriguez*, 2020 WL 3051559 at *2 (granting motion to amend complaint to add claims of retaliation under the FLSA and NYLL). Leave to amend should, therefore, be granted.

### CONCLUSION

For the reasons stated above, it is respectfully submitted that the Court: enter an order[6] restraining Defendants from, *inter alia*, further harassing, intimidating, and/or retaliating against Plaintiff, in any form, and granting Plaintiff leave to file the proposed first amended complaint, together with such other and further relief as the Court deems just and proper.

---

[6] A proposed temporary emergency restraining order and protective order has been filed at Dckt. No. 20-2.

Dated: New York, New York
August 10, 2022

                LEVIN EPSTEIN & ASSOCIATES, P.C.

                */s Jason Mizrahi*
                Jason Mizrahi, Esq.
                Joshua Levin-Epstein, Esq.
                60 East 42nd Street, Suite 4700
                New York, New York 10165
                Tel No.: (212) 792-0048
                *Attorneys for Plaintiff*