USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_12/15/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARA ELIZABETH BLACK,

                              Plaintiff,

        -against-

CAKOR RESTAURANT, INC.; BRIDGE
CAFÉ INC.; ISMET SUJAK; and
SULTANIA SUJAK,

                              Defendants.

22-CV-1447 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

        Plaintiff Kara Elizabeth Black ("Black") has sued Cakor Restaurant, Inc. ("Cakor"),

Bridge Café Inc. ("Bridge Café"), Ismet Sujak, and Sultania Sujak for wage and hour violations

under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

See Compl., Dkt. 1.[1]  Plaintiff has moved for leave to file an amended complaint pursuant to

Federal Rules of Civil Procedure 15(a)(2) and 21 and for a preliminary injunction pursuant to

Rule 65.  See Emergency Mot., Dkt. 18; Pl. Mem., Dkt. 19.[2]  For the following reasons,

Plaintiff's motions are GRANTED.

**BACKGROUND[3]**

        Plaintiff Black was a bartender at Cakor and Bridge Café, two restaurants owned by

---

[1]      The parties' Initial Pretrial Conference and all other deadlines in the case were stayed pending the motion
to withdraw made by Defendants' then-counsel.  See Dkts. 29, 32.  On November 23, 2022, the Court granted
Defendants' request to adjourn their deadline to respond to the complaint to 20 days following a decision on the
instant motion.  Dkt. 40.

[2]      Although denominated as an "emergency motion," for reasons that are unclear, Plaintiff did not bring on
her motion by way of an order to show cause or otherwise seek to shorten normal briefing schedules associated with
the motion.

[3]      For the purposes of these motions, the well-pled facts as alleged in the proposed Amended Complaint, see
Dkt. 20-1 (hereinafter, the "Proposed FAC"), are assumed to be true.

Defendants Ismet and Sultania Sujak, from approximately March 2018 through September 2019 and November 2019 through April 2021.  Proposed FAC ¶¶ 7–9.  Plaintiff was "ostensibly employed as a tipped worker," but her non-tipped duties exceeded the lesser of 20% or two hours of each workday.  *Id.* ¶¶ 54, 56.  Plaintiff further alleges that Defendants paid her and all other tipped employees at a rate lower than the required tip-credit rate.[4]  *Id.* ¶ 61.  Plaintiff alleges that she consistently worked well over 40 hours per week and was paid a fixed salary of $600 per week from approximately March 2018 through September 2019, then $300 per week from November 2019 through April 2021.  *Id.* ¶¶ 48–52.  Plaintiff alleges that she was not required to keep track of the time she worked, and that Defendants did not keep track of the time Plaintiff worked.[5]  *Id.* ¶ 64.

Plaintiff commenced this action on February 22, 2022, *see* Compl., Dkt. 1, and, on March 31, 2022, this Court referred the case to mediation, *see* Mediation Referral Order, Dkt. 15.  The mediation held on May 11, 2022, was unsuccessful.  *See* Dkt. 16.  Plaintiff alleges that, beginning on or around May 28, 2022, approximately two weeks after the failed mediation, Defendants began to "incessantly" call Plaintiff and her husband, Ard Puka, directly and through third parties.  Proposed FAC ¶¶ 75–76.  On June 14, 2022, Defendant Ismet Sujak sent a photograph and a text message to Puka, stating: "Are you this person [in the screenshot] . . . I have taken out a video and have reported you to immigration, [Plaintiff] may have married you

---

[4]     Under the FLSA and the NYLL, tipped employees may be compensated less than the minimum wage provided that tips earned in the payroll period make up for the difference so as to bring the worker to the minimum wage rate.  *See* 29 U.S.C. § 203(m)(2)(A); N.Y. Lab. Law § 652(4).

[5]     Plaintiff also alleges that Defendants violated numerous record-keeping requirements of the NYLL.  *See* Proposed FAC ¶¶ 114–16.

for money."  Proposed FAC ¶ 81.[6]

Plaintiff subsequently moved for a preliminary injunction to enjoin Defendants from further harassing, intimidating, or retaliating against Plaintiff in any way.  Pl. Mem. at 3. Plaintiff also moved for leave to file an amended complaint to include retaliation claims under the FLSA and the NYLL and to add as a defendant Cakor Restaurant Corp., an entity "identified in paystubs disclosed by Defendants' counsel."  *Id.*

## DISCUSSION

## I.    Plaintiff's Motion for Leave to File an Amended Complaint Is Granted

### A.  Adding Retaliation Claims

Plaintiff moves for leave to file an amended complaint to add two additional causes of action: (1) retaliation under the FLSA, and (2) retaliation under the NYLL.  Pl. Mem. at 3.  A court should "freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court may deny leave to amend if it finds that the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In assessing whether Plaintiff's proposed retaliation claims are futile, the Court considers "'the proposed amendment[s] . . . along with the remainder of the complaint,' accept[s] as true all nonconclusory factual allegations therein, and draw[s] all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise

---

[6]      The text reads in full as follows: "ari dusuz persin pegao noni vi hVte tek vidio aut en vi havte rupor hr tu emigresen si mevri sanvaru fir moni."  *See* Black Aff., Dkt. 21, Ex. A; Puka Aff., Dkt. 22, Ex. A.  According to Plaintiff, the text is "written in English, with Slavic or Yugoslavian pronunciation."  Proposed FAC ¶ 82.  She further asserts that she has received other texts from Ismet Sujak "in the same manner of phonetic speech."  *Id.* ¶ 84.

Defendants argue that the Court should not consider Exhibit A in Plaintiff's and Puka's affidavits because it is a foreign-language document unaccompanied by a certified English translation, Def. Mem. in Opp., Dkt. 37, at 1, 3 (citing *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016)), but Defendants do not claim that the translation provided by Plaintiff and Puka in their affidavits is incorrect, *see* Black Aff. ¶ 16; Puka Aff. ¶ 4.  The Court is not barred from considering at the preliminary injunction stage materials outside the pleadings, even if they might be inadmissible at trial.  *See Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) ("[H]earsay evidence may be considered by a district court in determining whether to grant a preliminary injunction.  The admissibility of hearsay under the Federal Rules of Evidence goes to weight, not preclusion, at the preliminary injunction stage.").

to an entitlement to relief." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (internal citation omitted) (quoting *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 323 n.3 (2d Cir. 2010)).

On a motion to amend the complaint to add retaliation claims, Plaintiff need only make out a *prima facie* case of retaliation. *See Santi v. Hot in Here, Inc.*, 2019 WL 290145, at *3 (S.D.N.Y. Jan. 22, 2019). To plead a *prima facie* case of retaliation under the FLSA, the plaintiff need only plead "(1) participation in protected activity known to the defendant, like the filing of a[n] FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Retaliation claims under the NYLL have the same basic elements. *See Azeez v. Ramaiah*, 2015 WL 1637871, at *8 (S.D.N.Y. Apr. 9, 2015) (describing the antiretaliation provisions in the FLSA and the NYLL as "closely analogous"); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (applying the same standard for retaliation claims brought under the FLSA and the NYLL).

The Court finds that Plaintiff has adequately alleged a *prima facie* case of retaliation under the FLSA and NYLL. Plaintiff has alleged that she engaged in a protected activity by filing a lawsuit raising claims under the FLSA and NYLL. Pl. Mem. at 11. She also has alleged facts that rise to the level of "an employment action disadvantaging the plaintiff." *Mullins*, 626 F.3d at 53. Specifically, Plaintiff alleges that Defendant Ismet Sujak threatened to report Plaintiff's husband to immigration authorities, Proposed FAC ¶ 81; if he were to do so, Plaintiff and her husband could be subjected to criminal and administrative action, Pl. Mem. at 12. Courts in this circuit have repeatedly held that threatening immigration-related consequences constitutes an adverse employment action within the meaning of the FLSA. *See, e.g.*, *Guohua*

*Liu v. Elegance Rest. Furniture Corp.*, 2017 WL 4339476, at *5 (E.D.N.Y. Sept. 25, 2017) (statements and text messages threatening to report the plaintiff to immigration services deemed adverse employment action under the FLSA); *Aponte v. Modern Furniture Mfg. Co.*, 2016 WL 5372799, at *18 (E.D.N.Y. Sept. 26, 2016) (same); *Centeno-Bernuy v. Perry*, 302 F. Supp. 2d 128, 136 (W.D.N.Y. 2003) (reporting plaintiffs to the immigration authorities and making baseless allegations to the government that plaintiffs are terrorists are adverse employment actions under the FLSA).  Because Defendant Ismet Sujak's text message threatened immigration-related consequences against Plaintiff and her husband, her proposed amended complaint alleges adequately that Defendants took an adverse employment action against Plaintiff.

Plaintiff also has alleged sufficient facts demonstrating a causal connection between the filing of her lawsuit and Defendants' threats.  A causal connection "may be established through evidence of retaliatory animus directed against a plaintiff by the defendant, or by showing that the protected activity was closely followed in time by the adverse action."  *Mullins*, 626 F.3d at 53 (internal quotation marks and citations omitted).  There is no "bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a [protected activity] and an allegedly retaliatory action."  *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001).  Instead, the Court must "exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases."  *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009).

Plaintiff alleges that Defendants began "incessantly" calling her and her husband, directly and through third parties, around May 28, 2022, approximately three months after Plaintiff filed

suit and two weeks after the failed mediation.  Proposed FAC ¶¶ 75–76.  Then, on June 14, 2022,

Defendant Ismet Sujak allegedly sent the threatening text message to Plaintiff's husband.  *Id.* ¶

81.  Courts have found the causal connection requirement satisfied on the basis of temporal

proximity alone where significantly more time had passed between the protected activity and the

retaliatory act than is the case here.  *See, e.g.*, *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180

F.3d 426, 446–47 (2d Cir. 1999) (finding defendant's conduct retaliatory when committed more

than a year after a lawsuit was initiated and within one month of receipt of deposition notices);

*Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45–46 (2d Cir. 1980) (finding a causal relationship

even though eight months elapsed between plaintiff's EEOC complaint and defendant's

retaliatory act).  Because Plaintiff's protected activity is sufficiently close in time to Defendants'

alleged retaliatory act, she has adequately alleged a causal connection.

      Defendants argue that Plaintiff's proposed amended complaint is futile because she does

not plead facts sufficient to demonstrate that Plaintiff has been dissuaded from maintaining the

instant action or from otherwise seeking a remedy for the allegations in her original complaint.

Def. Mem. in Opp. at 6.  But actual "dissuasion" from the protected activity is not required to

make out a *prima facie* case of retaliation.  *See Mullins*, 626 F.3d at 53 (explaining that the

second prong of a *prima facie* retaliation case is satisfied if the adverse employment action

"*might* have dissuaded a reasonable worker from making or supporting" a charge under the

FLSA) (emphasis added) (internal quotation marks and citation omitted).  Because all three

requirements for a *prima facie* case of retaliation are adequately alleged, Plaintiff's proposed

amended complaint is not futile.

### B.  Adding a Defendant

      Plaintiff also moves to add Cakor Restaurant Corp. as a defendant because it was

"identified in paystubs disclosed by Defendants' counsel."  Pl. Mem. at 3.  "Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule."  *Clarke v. Fonix Corp.*, 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999), *aff'd*, 199 F.3d 1321 (2d Cir. 1999) (citation omitted).  A plaintiff may amend the complaint to add additional defendants "in the absence of a showing by the nonmovant of prejudice or bad faith."  *Bd. of Trs. of the Local Union No. 373 United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. Benefit Funds v. Mid Orange Mech. Corp.*, 2020 WL 5836520, at *4 (S.D.N.Y. Oct. 1, 2020) (quoting *AEP Energy Servs. Gas Holding v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)).  In other words, the non-moving party bears the burden of demonstrating that the Court should deny leave to amend. *Pearson Educ., Inc. v. Heliosbooks, Inc.*, 2022 WL 970454, *4 (S.D.N.Y. Mar. 31, 2022) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

An amendment to a pleading relates back to the date of the original pleadings when the amendment changes the party or the naming of the party against whom a claim is asserted.  Fed. R. Civ. P. 15(c)(1)(C).  An amendment is not time-barred if "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (citation omitted).

Defendants do not object to Plaintiff adding Cakor Restaurant Corp. as a party to this action, nor have they shown that joining Cakor Restaurant Corp. as a defendant would cause prejudice or that the motion was made in bad faith.  *See Pearson Educ., Inc.*, 2022 WL 970454, at *4 (granting leave to amend complaint to name additional parties where the defendant's "sparse briefing" did not satisfy its burden); *see also Rotter v. Leahy*, 93 F. Supp. 2d 487, 498–

7

500 (S.D.N.Y. 2000) (partially granting defendant's motion to amend pursuant to Rule 15 because the motion was largely unopposed).  Additionally, the proposed amendment to add as a defendant Cakor Restaurant Corp., which Plaintiff learned through discovery is a payment entity for Defendant Cakor Restaurant, Inc., is not time-barred.  *See Krupski*, 560 U.S. at 556–57 (holding that the lower court erred in denying relation back under Rule 15(c)(1)(C) where the correct defendant was a related corporate entity of, and had a "very similar" name to, the originally-named defendant); *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (allowing relation back where the plaintiff misspelled the defendant's name by two letters and the complaint contained details identifying the correct defendant).

In short, Plaintiff's proposed amended complaint to add retaliation claims under the FLSA and the NYLL is not futile, and because Defendants have not objected to the addition of Cakor Restaurant Corp. as a party Defendant, Plaintiff's motion for leave to amend the complaint is granted.

## II.     Plaintiff's Motion for a Preliminary Injunction Is Granted

Having granted Plaintiff leave to amend her complaint, the Court now assesses her motion for a preliminary injunction in light of the newly-added allegations.  *See, e.g.*, *Bruce v. Martin*, 680 F. Supp. 616, 617 (S.D.N.Y. 1988) (considering a motion for leave to file an amended complaint and a motion for preliminary injunction jointly and granting an injunction against the newly-added defendants in plaintiff's proposed amended complaint).  Plaintiff's amended complaint asserts that Defendants have engaged in a "campaign of threatening, harassing, intimidating and retaliating" against Plaintiff by placing "incessant[]" calls to Plaintiff and her husband and threatening to report Plaintiff's husband to immigration authorities. Proposed FAC ¶¶ 73, 75, 80.  Plaintiff moves for a preliminary injunction to enjoin Defendant

from engaging in further harassment, intimidation, or retaliation against Plaintiff in any way.[7]
Pl. Mem. at 7.

A preliminary injunction is an "extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  The party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that the party is likely to suffer irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the party's favor; and (4) that an injunction is in the public interest.  *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018).  The moving party "carr[ies] the burden of persuasion by a clear showing for each factor."  *Abbott Labs. v. Adelphia Supply USA*, 2015 WL 10906060, at *5 (E.D.N.Y. Nov. 6, 2015), *aff'd sub nom. Abbott Labs. v. H&H Wholesale Servs., Inc.*, 670 F. App'x 6 (2d Cir. 2016).  The district court has wide discretion in determining whether to grant or deny a preliminary injunction.  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam).

### A.  Likelihood of Success on the Merits

To determine whether a plaintiff has demonstrated a likelihood of success on the merits of a retaliation claim, "[i]t is necessary only that the court find that the plaintiff has presented a strong prima facie case."  *Gibson v. U.S. Immigration & Naturalization Servs.*, 541 F. Supp. 131, 137 (S.D.N.Y. 1982); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("A party . . . is not required to prove his case in full at a preliminary-injunction hearing.").  As discussed above, Plaintiff has made out a *prima facie* case of retaliation under the FLSA and the NYLL because (1) she engaged in a protected activity by filing the instant lawsuit, (2) Defendant Ismet

---

[7]      Plaintiff also asks the Court to enjoin temporarily "the pending eviction proceeding" pending the outcome of the instant case.  Pl. Mem. at 3.  The Court has no idea to what "eviction proceeding" Plaintiff refers.

Sujak's text message to Plaintiff's husband threatening immigration-related consequences constitutes an adverse employment action within the meaning of the FLSA and the NYLL, and (3) the text message and other forms of allegedly retaliatory harassment occurred sufficiently close in time to Plaintiff filing her lawsuit to suggest a causal connection.

Defendants argue in opposition only that Plaintiff has not presented admissible evidence of the content of the June 14, 2022, text message.  Def. Mem. in Opp. at 3.  Although Plaintiff may need more extensive evidence ultimately to persuade the trier of fact of her interpretation of the content of that text message, Defendants have not refuted Plaintiff's interpretation; thus, for purposes of the preliminary injunction, the Court can resolve the issue of the contents of Defendant's text based on the existing record evidence.

In short, Plaintiff has shown a likelihood of success on the merits.[8]

## B.  Irreparable Harm

Irreparable harm requires a showing that the plaintiff will suffer an "actual and imminent" injury that "cannot be remedied if a court waits until the end of trial to resolve the harm."  *Singas Famous Pizza Brands Corp. v. N.Y. Advert. LLC*, 468 F. App'x 43, 45 (2d Cir. 2012).  In evaluating whether the plaintiff will suffer imminent harm, "the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the 'remedies available at law, such as monetary damages, are adequate to compensate for that injury.'"  *Salinger v.*

---

[8]     Plaintiff additionally argues that if the Court were to find that she has failed to establish a likelihood of success on the merits, there are sufficiently serious questions going to the merits of her retaliation claim such that a preliminary injunction should be granted.  Pl. Mem. at 12.  The doctrine of serious questions is limited to "situations where [courts] cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). Because the Court finds that Plaintiff is more likely than not to prevail on the merits of her retaliation claim, the Court need not consider Plaintiff's serious-questions argument.

*Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (internal quotation marks and citation omitted).

Preliminary injunctive relief requires a showing only of "a *threat* of irreparable harm, not that

irreparable harm already . . . occurred." *Mullins*, 626 F.3d at 55.   "[I]rreparable harm is the

single most important prerequisite for the issuance of a preliminary injunction." *Grand River*

*Enter. Six Nations, Ltd.*, 481 F.3d at 66–67 (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d

112, 114 (2d Cir. 2005)).

    An act of retaliation in response to a protected activity under the FLSA or NYLL does

not automatically satisfy the irreparable-harm prong of a preliminary injunction analysis, but its

existence weighs in favor of finding irreparable harm.   *Centeno-Bernuy*, 302 F. Supp. 2d at 135.

This is because retaliation "carries with it the distinct risk that other employees may be deterred

from protecting their rights under [law] or from providing testimony for the plaintiff in her effort

to protect her own rights.   These risks may be found to constitute irreparable injury." *Holt v.*

*Cont'l Grp., Inc.*, 708 F.2d 87, 91 (2d Cir. 1983).

    Here, Plaintiff alleges that, absent injunctive relief, she and her husband risk criminal

prosecution and administrative action, which could deter her from enforcing her rights under the

FLSA and the NYLL.   Pl. Mem. at 12; *see also Centeno-Bernuy*, 302 F. Supp. 2d at 135 (finding

that the plaintiffs' reluctance to appear in court for fear that their employer would have them

arrested and deported constituted irreparable harm because it negatively affected plaintiffs'

ability to enforce their rights).   The threat also has the potential to "chill" other present and

former employees from seeking to enforce their rights against Defendants or testifying in support

of Plaintiff's claims.   *Centeno-Bernuy*, 302 F. Supp. 3d at 135; *cf. Bennett v. Lucier*, 239 F.

App'x 639, 641 (2d Cir. 2007) (denying preliminary injunctive relief where the witnesses were

never employed by the defendant, and as such the defendant could not have a "chilling" effect on

the witnesses through retaliatory means).  Accordingly, the Court finds that Plaintiff has satisfied

her burden of showing a likelihood that she will suffer irreparable harm if Defendants are not

enjoined from further retaliation against Plaintiff.[9]

### C.  Balance of Hardships

In considering a motion for a preliminary injunction, the Court "must balance the

competing claims of injury and must consider the effect on each party of the granting or

withholding of the requested relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24

(2008) (citation omitted).  Plaintiffs must establish that the balance of hardships tips in their

favor.  *Salinger*, 607 F.3d at 79–80.

Defendants argue that granting Plaintiff injunctive relief will result in an unconstitutional

restraint on Defendants' First Amendment rights.  Def. Mem. in Opp. at 3.  But a threat that

would cause "an ordinary, reasonable recipient who is familiar with the context" of the

communication to "interpret it as a threat of injury" is not protected by the First Amendment,

*United States v. Turner*, 720 F.3d 411, 420 (2d Cir. 2013) (citation omitted), and immigration-

related threats fall within this category of unprotected speech, *see United States v. Nguyen*, 673

F.3d 1259, 1265 (9th Cir. 2012) (finding a letter distributed to Latino immigrants unprotected by

the First Amendment when it threatened to divulge their personal information to anti-

immigration organizations if they voted in an upcoming election).  Because Defendants'

immigration-related threats to Plaintiff and her husband are not protected by the First

Amendment, a preliminary injunction against such threats would not implicate Defendants' First

Amendment rights.

Defendants further argue that an injunction would "interfere with communications

---

[9]     Defendants do not contest that Plaintiff has shown a likelihood of irreparable harm.

unrelated to the current action and concerning the ongoing business relationship between Defendants." Def. Mem. in Opp. at 4. The Court, however, fails to see how enjoining Defendants from threatening Plaintiff and her husband would have any bearing whatsoever on Defendants' business relationship or their ability to communicate with Plaintiff. That Plaintiff has not worked for Defendants since April 2021, Black Aff. ¶ 12, makes the possibility that an injunction would hinder Defendants' business or communications even more remote.

By contrast, Plaintiff has made a clear showing that Defendants' threats to report her husband to the immigration authorities cause her hardship; she alleges that both she and her husband could face criminal and administrative action if Defendants followed through on their threats. Pl. Mem. at 12. The prospect of being subject to criminal prosecution is a hardship that weighs in favor of injunctive relief. *See 725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424, 469 (S.D.N.Y. 2019) (finding affidavits attesting to the hardship plaintiffs would face absent an injunction, including the threat of criminal prosecution, to weigh in favor of plaintiffs).

In short, the Court finds that Defendants will suffer little hardship, if any, from a narrowly-tailored injunction, but Plaintiff will suffer the risk of irreparable harm if Defendants are not enjoined. *See Centeno-Bernuy*, 302 F. Supp. 2d at 137 (concluding that the defendant would not suffer any hardship if prevented from making accusations against the plaintiffs to the immigration authorities, and instead would "simply be prevented from continuing to repeat his baseless claims about the plaintiffs to government authorities"). Because Defendants have failed to articulate any legitimate hardship that Defendants would face from an injunction that would tip the scales in their favor, this factor supports Plaintiff's motion for a preliminary injunction.

**D. Public Interest**

Finally, granting a preliminary injunction would be in the public interest.  The purpose of the antiretaliation provisions of the FLSA and NYLL is to provide for effective enforcement of wage-and-hour laws by enabling "employees [to feel] free to approach officials with their grievances" and prevent "aggrieved employees" from "quietly . . . accept[ing] substandard conditions."  *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960); *see also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 113 (2d Cir. 2015) (explaining that FLSA's antiretaliation provision is an enforcement mechanism meant to "foster an atmosphere protective of employees who lodge . . . complaints").  Accordingly, preventing further retaliation by Defendants helps enforce the FLSA and NYLL and, consequently, serves the public interest.[10]

Because all four factors weigh in favor of granting a preliminary injunction, Plaintiff's motion for a preliminary injunction is granted.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to amend her complaint to include retaliation claims under the FLSA and the NYLL and to add Cakor Restaurant Corp. as a defendant is GRANTED.  IT IS HEREBY ORDERED that Plaintiff must file her Amended Complaint, pursuant to the Undersigned's Individual Practices, by no later than **December 19, 2022**.

Plaintiff's motion for a preliminary injunction is also GRANTED.  Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

---

[10]     Defendants argue that denying an injunction furthers public policy by maintaining judicial neutrality over the lawsuit.  Def. Mem. in Opp. at 5.  It is well established that deciding a motion for a preliminary injunction "is not an adjudication on the merits," *Diversified Mortg. Invs. v. U.S. Life Ins. Co. of N.Y.*, 544 F.2d 571, 576 (2d Cir. 1976); *see also Camenisch*, 451 U.S. at 395 ("[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."), and does not run afoul of the policy of judicial neutrality.

IT IS HEREBY ORDERED that Defendants Ismet Sujak and Sultania Sujak are preliminarily restrained and enjoined from contacting or communicating with, or causing anyone else from contacting or communicating with, in any way, any local, state, or federal government official or agency, or any staff member of any government official or agency, including but not limited to the Office of the United States Attorney General, the Department of Justice, the Office of any United States Attorney, the Office of the New York State Attorney General, the United States Department of Labor, the New York State Police, the United States Department of Homeland Security ("DHS"), the Office of the United States Citizenship and Immigration Services ("CIS"), the Office of the United States Customs and Border Protection ("CBP"), the Office of the United States Immigration and Customs Enforcement ("ICE"),[11] the United States Department of State, and the New York City Police Department with regard to Plaintiff Kara Elizabeth Black's or Ard Puka's immigration status.

IT IS FURTHER ORDERED that Defendants Ismet Sujak and Sultania Sujak are restrained and enjoined from any further retaliation, in any form, against Plaintiff Kara Elizabeth Black.

IT IS FURTHER ORDERED that if either or both Defendants Ismet Sujak and Sultania Sujak fail to comply with this preliminary injunction, they each, jointly and severally, may be held in either civil or criminal contempt, or both.

IT IS FURTHER ORDERED that this preliminary injunction shall remain in full force and effect until further order of the Court or the resolution of this case.

IT IS FURTHER ORDERED that the requirement of bond or other security under Rule

---

[11] Plaintiff asserts that Defendants threatened to report her husband to "INS." "INS" is the acronym for the Immigration and Naturalization Service. That agency ceased to exist when the DHS was established. The former duties of INS are now split among other components of DHS, including ICE and CIS.

65(c) of the Federal Rules of Civil Procedure is waived and that Plaintiff shall not be required to post bond or other security in connection with the relief granted herein.

IT IS FURTHER ORDERED that, per the Court's Order at docket entry 40, Defendants' deadline to respond to the Amended Complaint is **January 6, 2022**.  Within **two weeks** of the date of this Opinion and Order, the parties shall meet and confer in-person to agree upon a schedule for a motion for collective certification or, if Plaintiff chooses not to pursue collective certification, for discovery.  An initial pretrial conference is scheduled for **January 13, 2023**, **at 10:00 A.M.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.  The parties are directed to consult docket entry 17 for pre-conference submission requirements.

The Clerk of Court is respectfully directed to close the open motion at Docket 18.


**SO ORDERED.**


Date:  **December 15, 2022**
      **New York, New York**

                                **VALERIE CAPRONI**
                              **United States District Judge**