# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

January 27, 2023

*Via ECF*
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

          Re:    *Black v. Cakor Restaurant, Inc. et al*
                    **Case No.: 22-cv-01447-VEC**

Dear Honorable Magistrate Judge Gorenstein:

      This law firm represents Plaintiff Kara Elizabeth Black (the "Plaintiff" or "Black") in the above-referenced action.

      Pursuant to the directives of Your Honor's Chambers contained in the email sent on January 27, 2023 at 6:41 p.m., this letter respectfully serves to respond to the letter motion to adjourn the settlement conference filed by Defendants Bridge Café Inc., Cakor Restaurant, Inc., Cakor Restaurant Corp. (collectively, the "Corporate Defendants"), Ismet Sujak and Sultania Sujak (the "Individual Defendants", collectively, the "Defendants") [Dckt. No. 56].

### I.    The March 31, 2022 Mediation Referral Order

      By way of relevant background, pursuant to the Honorable Valerie E. Caproni's March 31, 2022 Mediation Referral Order [Dckt. No. 15], Defendants were to produce, *inter alia,* the following documents on before April 28, 2022:

1. Proof of financial condition including tax records, business records, or other documents demonstrating their financial status, if Defendants intend to assert an inability to pay...

Defendants failed to produce the required documents by April 28, 2022.

### II.    Plaintiff's Request for Specific Financial Documents

      On January 11, 2023, the undersigned counsel emailed Defendants' counsel a request for the following documents, to meaningfully determine whether or not Defendants truly suffer from any "financial hardship", should the issue come up during the settlement conference:

1. Personal tax returns for the Individual Defendants for the following years: 2019; 2020; 2021; and 2022.

2. Corporate tax returns for the Corporate Defendants, for the following years: 2019; 2020; 2021; and 2022.

3. Bank records for the Individual Defendants, personally, for any bank account (this includes, but is not limited to, any personal or business checking or savings accounts, any investment accounts, retirement accounts, as well as any certificates of deposit), for the following years: 2019; 2020; 2021; 2022 and 2023.

4. Bank records for the Corporate Defendants, for any bank account (this includes, but is not limited to, any personal or business checking or savings accounts, any investment accounts, retirement accounts, as well as any certificates of deposit), for the following years: 2019; 2020; 2021; 2022 and 2023.

5. Records of any transfer of funds or property, from any Defendant, in the excess of $5,000.00 in value made within the following years: for the following years: 2019; 2020; 2021; 2022 and 2023.

6. Any documents which show lines of credit which can be accessed by the Individual Defendants, personally;

7. Any documents which show lines of credit which can be accessed by the Corporate Defendants; and

8. Requests for public benefits from the Defendants.

### III.   Defendants' Incomplete January 24, 2023 Financial Document Production

On January 24, 2023, Defendants' counsel only produced:

1. Bank Statements for Cakor Restaurant Inc. for ten (10) months[1] of 2019;

2. Citibank Statements for Cakor Restaurant Inc. for nine (9) months[2] of 2020;

3. Bank Statements[3] for Cakor Restaurant Inc. for 2021;

4. Tax returns for Bridge Café Inc. for 2019, 2020 and 2021; and

5. Tax returns for Cakor Restaurant Inc. for 2019, 2020, and 2021.

### IV.   Your Honor's January 25, 2023 Email to Counsel

---

[1] The production inexplicably consisted of nine (9) statements from TD Bank (January – February, May – November 2019), and one (1) statement from Citi Bank (December 2021). The production was inexplicably missing statements for March and April 2019.

[2] The production was inexplicably missing statements for February, April and June 2020.

[3] The production inexplicably consisted of seven (7) statements from TD Bank (June – December 2021); and five statements from Citi Bank (January – May 2021).

On January 25, 2023, Your Honor's Courtroom Deputy – Christine Foley – emailed the parties, in pertinent part as follows:

> "Having read the settlement letters, I am concerned that a settlement conference now will be fruitless given that plaintiff['s] references to a lack of needed documentation (both financial and otherwise). The parties are directed to discuss this issue immediately and by telephone.
>
> I will be holding only one settlement conference. ***If there is a possibility that needed documentation can be obtained at some point in the future***, the parties should seek an adjournment of the conference --- either to a specific date or sine die. Any request should comply with paragraph 8 and should be filed forthwith."

(emphasis added).

Thus, the clear and express directives of Your Honor's January 25, 2023 email required that any adjournment be conditioned upon a good faith expectation that specifically enumerated categories of documents would, in fact, be supplemented.

### V.   The Parties' January 26, 2023 Meet-and-Conferral Phone Call

On January 26, 2023 the undersigned spoke with counsel for Defendants, Christopher A. Smith. Esq. ("Attorney Smith") via telephone pursuant to the directives contained in Your Honor's January 25, 2023 email.

On the phone call, the undersigned informed Attorney Smith that absent a ***full and complete*** production of each category of records enumerated in Plaintiff's counsel's January 11, 2023 email [*see* § II *supra*], that Plaintiff would not be in a position to meaningfully consider Defendants' claims of financial hardship.

The undersigned reiterated to Attorney Smith that assuming Defendants would be supplementing their incomplete January 24, 2023 production with additional corporate records, then their financial production would *still* be incomplete.

### VI.   Defendants' January 26, 2023 Incomplete Supplemental Production

On January 26, 2023, Attorney Smith supplemented Defendants' incomplete January 24, 2023 production with forty-three (43) individual pages of records, consisting of:

1. Chase bank statements for Individual Defendant Ismet Sujak for five (5) months[4] of 2022;

---

[4] The production was inexplicably missing statements from January – July 2022.

3

2. Chase bank statements for Individual Defendant Ismet Sujak for January 2023;

3. A "Notice of Change in Payment" from the Social Security Administration, for Defendant Ismet Sujak, dated November 27, 2022;

4. A "Notice of Change in Payment" from the Social Security Administration, for Defendant Sultanija Sujak, dated November 27, 2022

Attorney Smith also represented that Defendants are not in possession, custody or control of:

1. *Any* records of any transfer of funds or property, from any Defendant, in the excess of $5,000.00 in value made within the following years: for the following years: 2019; 2020; 2021; 2022 and 2023.

2. *Any* documents which show lines of credit which can be accessed by the Individual Defendants, personally;

3. *Any* documents which show lines of credit which can be accessed by the Corporate Defendants; and

4. *Any* requests for public benefits from the Defendants.

### VII.  Conclusion

As of the date of this letter, Defendants have not produced any of the following documents:

1. *Any* personal tax returns for the Individual Defendants.

2. *Any* corporate tax returns, for Cakor Restaurant Corp.

3. *Any* bank records for Individual Defendant Ismet Sujak prior to August 2022 (*i.e.,* from 2019 to, through and including July 2022);

4. *Any* bank records for Individual Defendant Sultanija Sujak;

5. *Any* bank records for Cakor Restaurant Corp.

6. *Any* bank records for Bridge Café Inc.

7. ***Multiple missing months of*** bank records for Cakor Restaurant Inc., from Chase Bank and TD Bank, as set forth with more specificity in § III, fns. 1-3 *supra*.

In his January 27, 2023 application, Attorney Smith made the misrepresentation that "counsel were still meeting and conferring…regarding pre-settlement discovery," and that

"[a]djourning Monday's conference will allow additional meet and confer sessions between counsel."

To be clear – Plaintiff's position regarding Defendants' feigned financial hardship remains the same, as initially memorialized in writing on January 11, 2023. There is no further need to meet-and-confer, until a full and compete production is made.

Absent a ***full and complete*** production of each category of records enumerated in Plaintiff's counsel's January 11, 2023 email [*see* § II *supra*], Plaintiff will not be in a position to meaningfully consider Defendants' claims of financial hardship, should the issue come up during the settlement conference.

Attorney Smith's ***eleventh-hour*** adjournment request, on the purported basis that his client's are still "exchanging documentation" is too little, too late. He is misrepresenting his client's genuine intention to disclose the remaining "needed documentation" pursuant to the directives[5] contained in Your Honor's January 25, 2023 email. The application comes ***nearly a year*** after Judge Caproni's March 31, 2022 Mediation Referral Order, and ***nearly one month*** after the undersigned's January 11, 2023 email.

Notwithstanding the foregoing, Plaintiff takes no position on Defendants' request to adjourn the January 30, 2023 Settlement Conference, and leaves it in the Court's discretion on how best to proceed.

Thank you, in advance, for your attention to the foregoing.

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
    Jason Mizrahi
    60 East 42nd Street, Suite 4700
    New York, NY 10165
    Tel. No.: (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Plaintiff*

---

[5] ***If there is a possibility that needed documentation can be obtained at some point in the future***, the parties should seek an adjournment of the conference." (Emphasis added).